[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CYBERIAN OUTPOST'S MOTION TO STRIKE (#102)
The Plaintiff, Lawrence Berk, brings this action against his former employer, the Defendant, Cyberian Outpost, Inc.
In the first count of his four count Complaint, the Plaintiff alleges that the said Defendant has breached its written employment contract with the Plaintiff and that the Defendant has failed to pay to the Plaintiff certain additional wages that are due under the said Contract.
In the second count of his four count Complaint, the Plaintiff alleges that the said Defendant "reasonably relied" on the terms of the said employment contract to his detriment resulting in "loss of income", "lost opportunities for income", "damage to his professional reputation" and "great emotional distress".
In the third count of his four count Complaint, the Plaintiff alleges that the said Defendant's actions were in "callous disregard for the emotional state of the Plaintiff" and that as a result thereof the Plaintiff has suffered damages.
In the fourth count of his four count Complaint, the Plaintiff alleges that the said Defendant made false representations to the Plaintiff as an inducement to the Plaintiff to enter into the said employment contract and that as a result thereof, the Plaintiff has suffered damages.
The Defendant, Cyberian, has filed the instant Motion to strike all four counts of the Complaint as are directed against it.
The Defendant notes that the said employment contract between the parties, which contract the Plaintiff appended as an exhibit to his Complaint, included the following provisions governing renewal and termination without cause:
 3. Term. This Agreement shall be for a term of one (1) CT Page 4664 year commencing as of May 11, 1998 (the "Commencement Date") and ending on May 10, 1999, unless sooner terminated as hereinafter provided. For purposes of this Agreement, a "Contract Year" shall be any twelve (12) month period commencing May 11, 1998 and ending May 10, 1999. This Agreement shall automatically be extended from Contract year to Contract year, unless written notice is given by either Cyberian or Berk to the other party at least sixty (60) days prior to any subsequent anniversary of such expiration date, of such party's intention to terminate this Agreement at the end of the Contract Year during which such notice is given.
 7. Termination. (4) . . . In the event Berk's employment is terminated "without cause" then Berk shall receive (before deductions required by law) six (6) months of his then annual base compensation . . .
It is uncontroverted that on February 23, 1999, more than sixty (60) days prior to the expiration of the Contract Year, the defendant, Cyberian, sent the Plaintiff a written notice of non-renewal of the employment contract, specifically notifying him that Cyberian had "decided not to renew the Agreement at the end of the current Contract Year, which falls on Monday May 10, 1999." Said written notice further provided that the Plaintiff's "employment with the Company also will terminate on Monday May 10, 1999, immediately following the expiration of the term of the Agreement."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "For the purpose of a motion to strike, the moving party admits all facts well-pleaded." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 580.
Even construing the allegations as pled in the Complaint in the light most favorable to the Plaintiff, the Court finds that there is no merit to the Plaintiff's contention that the Plaintiff is entitled to severance pay as set forth in the contract because the Plaintiff received notice that his employment would "terminate on May 10, 1999" and that termination, according to the Plaintiff's allegations, constitutes a termination of employment without just cause prior to CT Page 4665 the end of the contract period.
The notice terminating the Plaintiff's employment, which notice the Plaintiff has appended as Exhibit B in his Memorandum in opposition to the Defendant's Motion to Strike, clearly and unequivocally stated that Cyberian "decided not to renew the Agreement at the end of the current Contract Year, which falls on Monday, May 10, 1999." The Notice further provided that the Plaintiff's "employment with the Company also will terminate on Monday, May 10, 1999, immediatelyfollowing the expiration of the term of the Agreement." (emphasis added) The court finds as a matter of law that the employment of the plaintiff did not terminate within the initial term of the contract as the plaintiff argues but that said employment terminated on "Monday, May 10, 1999, immediately following the expiration of the term of the Agreement", as stated in the notice of termination.
It is the employment contract which is at the core of each of the four counts of the plaintiff's Complaint. Though the plaintiff has set out those four counts in an attempt to allege separate causes of action of breach of contract, promissory estoppel, negligent infliction of emotional distress and fraud, this court finds that the Plaintiff has failed in each such count to state a claim upon which relief can be granted. The plaintiff here, in each of the four counts, has simply alleged mere conclusions of law that are wholly unsupported by the facts alleged.
The Motion to Strike all four counts of the Complaint is accordingly granted.
 BY THE COURT ___________________ CARROLL, J.